a The following rules of court have been adopted since the publication of the rules of court in 2 Harr. Rep. 161.
RULE 42. At the instance of the bar it is directed that objections to road and ditch returns be made in writing, and supported by affidavit, where the objections to the return rest upon facts not appearing from the record. (Pall Sessions, 1841.)
No. 43. In all cases of taking special bail, by the prothonotary, in vacation, reasonable notice of justification shall be given to the opposite party, or his attorney. (Fall Sessions, 1842.)
No. 44. In all actions ex contractu pending in this court, judgment for the plaintiff shall, on motion, be entered at the second term, unless there be an allegation, supported by regular affidavit, that there is a legal defence to the action. Such affidavit shall be filed during the term, unless the court do, on motion, enlarge the time. (Spring Sessions, 1845.)
No. 45. Notice of holding inquisitions on land, or of sale, shall be served personally on the defendant, if residing in the county. If he does not reside in the county, notice shall be served on the tenant, or if there be no tenant, shall be left at the mansion house, or other notorious place on the premises. (Pall Sessions, 1845.)
No. 46. It is ordered by the court, that in every action of ejectment, the defendant shall specify, by general description in the consent rule, for what premises he intends to defend; and shall consent in such rule to confess upon the trial, as well as lease entry and ouster, that the defendant (if he defends as tenant, or in case he defends as landlord, that his tenant) was, at the time of the service of the declaration in possession of such premises. (Spring Sessions, 1847.)
No. 47. It is ordered by the court, that in future, applicants for admission to the bar, subject to examination, shall be privately and fully examined by a committee of three members of the bar, to be appointed by the court; and shall be admitted only on the written report of the examining committee, or a majority of them, stating the qualifications of the applicant, and recommending his admission. (Spring Sessions, 1847.)
THIS was an appeal from the judgment of a Justice of the Peace. Narr., in assumpsit, on the usual counts, and on a special contract of affreightment. Pleas, non-assumpsit, payment, Bet-off, discount and act of limitation.
The ship Walter was wrecked near Indian river, in Oct. 1844, *Page 453 
Wm. Andrews for Nahum Andrews, who had a contract to save the goods, employed captain Allen of the schooner General Harrison, to convey goods from the ship to Philadelphia for $125, and $10 a day for demurrage. Captain Allen was detained at Philadelphia by the revenue officers several days. The consignee paid the freight, and referred the matter of demurrage to Andrews himself.
Layton, for defendants, moved a nonsuit, 1st. Because the action was brought against an agent, where the principal was known. Where the agent discloses his principal, the only remedy is against the principal. (1 Chit. Pl. 25, 74; 15 East 62-6; 15Ves. 352; Paley P. A. 246; 3 Camp. 817; 2 M. S. 438.) 2d. Because the evidence showed a joint contract of Wm. and Nahum Andrews. 3d. Because the contract was in writing, and could be proved only by the bill of lading, which fixes the freight at $125, without any reservation for demurrage. (17 Law Lib. 103-5;Smith on Merc. Law 173-5.)
The Court refused the motion: 1st. An agent contracting personally, is personally liable, though his agency be known, and the principal be disclosed. (2 Kent's Com. 630; 1 Saund. Pl. Ev. 82, 72.)
2d. If this be a joint contract, it is not a ground for a nonsuit. That must be pleaded in abatement. It is no less the contract of W. D. Andrews because it is also the contract of N. Andrews. And if a defendant would object, that not only he, *Page 454 
but others, made the contract, he must plead it. Not so of a plaintiff. He knows with whom the contract was made.
3d. The third ground depends on evidence yet to be produced by the defendant, and cannot be any reason for a nonsuit.
 Verdict for plaintiff.